USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/2/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

FIREMAN'S FUND INSURANCE COMPANY,

                      Plaintiff,

           -against-

PERSONAL COMMUNICATIONS DEVICES, LLC,

                      Defendant.

------------------------------------------------------------x

09-cv-1349 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

This action stems from the October 2008 theft of more than $7.5 million worth of wireless communications devices from defendant Personal Communications Devices ("PCD") while in transit from PCD's California warehouse to Kentucky. In February 2009, plaintiff Fireman's Fund Insurance Company, which issued PCD an "Ocean Marine Cargo Policy" effective during the time of the theft, filed this suit seeking a declaratory judgment that it has no duty to pay pursuant to the policy it issued because PCD breached several provisions of that policy.

PCD now seeks transfer of this action to the Central District of California "for the convenience of parties and witnesses, in the interest of justice" pursuant to 28 U.S.C. § 1404(a). It contends that all of the relevant facts giving rise to this action occurred in California, that all of the most relevant trial witnesses and evidence are in California, and that this case is substantially related to another suit currently pending in the Central District of California.

Fireman's opposes transfer, arguing that the relevant policy was negotiated, written, and issued in New York and, accordingly, that the Southern District of New York is the most appropriate forum for resolving disputes about that policy's coverage. Fireman's also contends that New York courts are best positioned to adjudicate this case because, it contends, New York law will apply.

Motions for change of venue pursuant to section 1404(a) are governed by a well established nine-factor test, one that encompasses the convenience of the parties and witnesses, the locus of the operative facts giving rise to the suit, and the familiarity of the court with the governing law. See, e.g., Bristol-Myers Squibb Co. v. AndRX Pharm., LLC, No. 03 Civ. 2503, 2003 U.S. Dist. LEXIS 21967, at *7 (S.D.N.Y. Dec. 4, 2003). Applying that test, the Court concludes that the action should be transferred to the Central District of California "for the convenience of parties and witnesses, in the interest of justice." Accordingly, PCD's motion for transfer pursuant to 28 U.S.C. § 1404(a) is granted.

### I. BACKGROUND

The following facts are drawn from plaintiff's complaint and the parties' declarations and accompanying exhibits submitted in support of the present motion:

Fireman's is an insurance company licensed to do business in New York and with principal place of business in California. (Am. Compl. ¶¶ 1-2.) PCD is a telecommunications company in the business of selling communications products to wireless carriers and other customers throughout North and South America. (Decl. of Neil Levine dated June 1, 2009 ("Levine Decl.") ¶ 4.) PCD is a Delaware corporation with principal place of business in New York. (Am. Compl. ¶ 3.)

On or about July 25, 2008, plaintiff issued the insurance policy underlying this dispute to PCD. (Id. ¶ 13.) The policy was negotiated in New York between a broker working on PCD's behalf, Wells Fargo Insurance Services of New York, and Fireman's New York office. (Id. ¶¶ 10-14.) As issued, the policy contained two requirements of particular relevance to this dispute: first, the policy provided that any shipments of PCD wireless devices worth $2.5 million or more must have "two drivers for the duration of the journey." (Id. ¶ 35.) Second, the policy expressly limited Fireman's liability to "$5,000,000 per any one truck or truck/trailer." (Id. ¶¶ 45-46.)

On or about October 3, 2008, a truck laden with $7,692,149.60 worth of PCD wireless devices was stolen from a cargo holding facility in Santa Ana, California. (Id. ¶¶ 28-31.) The truck, which was owned and operated by a third-party contractor, Platinum Cargo Logistics, had been hired by PCD to transport that shipment from PCD's Brea, California facility to PCD customers in Kentucky. (Id. ¶¶ 19-21.) According to the amended complaint, despite the requirements of the policy, the truck never had more than one driver on board, and that sole driver left the truck parked and unattended the night the theft occurred. (Id. ¶¶ 27-30.)

After the theft, PCD promptly notified Fireman's of the loss and made a claim under the policy. (Id. ¶ 32.) On December 14, 2008, Fireman's denied that claim for two reasons: first, according to Fireman's, the truck had only one driver and that driver had left the truck unattended at the time of the theft in violation of the policy. Second, the loss exceeded the policy's $5 million limit on single-conveyance liability. (Id. ¶¶ 34-48.)

In February 2009, Fireman's commenced this action in the Southern District of New York seeking a declaratory judgment that it had no duty to insure PCD under the

3

policy for those two reasons. PCD has counter-claimed for a declaratory judgment that Fireman's does have a duty to insure it for the loss and seeking damages for breaches of contract and the duty of good faith arising from Fireman's investigation and denial of the claim. The parties now dispute whether the case should proceed in New York where the policy was negotiated and issued, or in the Central District of California where the loss triggering the insurance claim occurred.

## II. DISCUSSION

### A. 28 U.S.C. § 1404(a)

Section 1404(a) authorizes transfer "for the convenience of parties and witnesses" and "in the interest of justice" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The section gives courts discretion to transfer cases based on "an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992) ("Motions for transfer lie within the broad discretion of the district court.").

In order to prevail on a motion for transfer pursuant to section 1404(a), the moving party bears the burden of establishing that the convenience of parties and witnesses and the interests of justice will be better served by transfer to another forum. See Toy Biz, Inc. v. Centuri Corp., 990 F. Supp. 328, 330 (S.D.N.Y. 1998); Christina Canada Inc. v. Wior Corp., 702 F. Supp. 461, 464 (S.D.N.Y. 1988). "That burden is heavy: 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" Id. at 463 (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

4

A prerequisite to transfer pursuant to section 1404(a) is a finding that there is another forum available where the action "might have been brought." 28 U.S.C. § 1404(a); Alfadda v. Fenn, 159 F.3d 41, 44 (2d Cir. 1998)). Here, that requirement is met—no party disputes that the Central District of California has jurisdiction over the case and parties, and venue would be proper as a "substantial part" of the events giving rise to this litigation occurred there. 28 U.S.C. § 1391(a)(2).

B.   The Governing Nine-Factor Test

Having so found, a court evaluating a section 1404(a) transfer motion considers at least nine factors: (1) the locus of the operative facts; (2) the convenience of the witnesses; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the convenience of the parties; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law, (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances. See Royalty Ins. Co. of Am. v. Tower Records, Inc., No. 02 Civ. 2612, 2002 U.S. Dist. LEXIS 20109, at * 7-8 (Oct. 22, 2002); see also United States v. Nature's Farm Prods., 2004 U.S. Dist. LEXIS 8485, at *10-11 (S.D.N.Y. May 13, 2004).

"There is no rigid formula for balancing these factors and no single one of them is determinative." Citigroup, Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000). Instead, as noted above, weighing the balance "is essentially an equitable task" left to the Court's discretion. Id. (quoting First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 80 (2d Cir. 1989)). The Court thus considers each factor in turn.

5

### 1.     *Locus of Operative Facts*

The locus of operating facts is a "primary factor" in evaluating a motion to transfer pursuant to section 1404(a), Mattel, Inc. v. Procount Bus. Svcs., No. 03 Civ. 7234, 2004 U.S. Dist. LEXIS 3895, at * 9 (S.D.N.Y. Mar. 10, 2004), because it helps the court identify a suit's "center of gravity," and thus, where it should properly proceed. Foothill Capital Corp. v. Kidan, No. 03 Civ. 3976, 2004 U.S. Dist. LEXIS 3634, at *5 (S.D.N.Y. Mar. 8, 2004) (citation omitted).

Here, the parties dispute the nature of the suit itself and therefore the makeup of its "operative facts" and the location from which it "arises." As Fireman sees it, the dispute is one of policy construction and interpretation, and since the policy was negotiated and issued in New York, they assert New York is the locus of the operative facts and the site of the essential evidence. Cf. Am. S.S. Owners Mut. Pro. & Indem. Ass'n v. Lafarge N. Am., 474 F. Supp. 2d 474, 485 (S.D.N.Y 2007) (where suit centers on "insurance coverage issues, the locus in question is the site of the execution of the contract, not the location of the incident triggering the claim").

By contrast, as PCD sees it, the litigation does not turn on construction of the policy but rather on a factual dispute as to whether the provisions of that policy were actually violated. Accordingly, it contends the operative facts, evidence, and witnesses are in all California, where the loss took place. Cf. Avemco Ins. Co. v. GSF Holding Corp., No. 96 Civ. 8323, 1997 U.S. Dist. LEXIS 13716, at *18 (S.D.N.Y. Sept. 11, 1997) ("In determining the locus of operative facts, a court must look to the site of events from which the claim arises." (citation omitted)).

Defendants have the stronger argument. As presented thus far, the case turns not on legal questions related to interpretation of an ambiguous policy but rather on factual disputes about whether PCD violated the terms of that policy. For example, while Fireman's alleges that recovery is precluded because the shipment had only one driver, PCD contends that—to the best of its knowledge—two drivers were with the shipment, or supposed to be with it, at all times. (Am. Compl. ¶ 27; Ans. ¶ 27.) Similarly, while Fireman's contends the shipment was left unattended in violation of the policy, PCD disputes any knowledge of, or responsibility for, that fact. (Am. Compl. ¶ 29; Ans. ¶ 29.).

By contrast, neither party appears to dispute the meaning of any of the relevant provisions. Accordingly, while Fireman's correctly notes that in an "action concerning the interpretation of an insurance policy contract, [a court] consider[s] where the insurance contract was made," Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F.Supp 2d 395, 405 (S.D.N.Y. 2005) (emphasis added), policy interpretation is not the core of the dispute in this case.

The Court therefore finds that the locus of operative facts rests in California where the truck and truck drivers were hired, the wireless devices loaded and transported from PCD's warehouse, the truck allegedly left unattended, and the merchandise ultimately stolen. The first factor thus weighs in favor of transferring this action to California.[1]

---

[1] Fireman's contends PCD's counterclaims, which include breach of contract claims, should also considered and moreover that those counterclaims support Fireman's theory of the case and weigh against transfer. However, it is well established that "the focus of a court's inquiry in deciding a motion to transfer under § 1404(a) is on the action as filed and not on the counterclaims interposed by the party seeking transfer." NBA Props., Inc. v. Salvino, Inc., 99 Civ. 11799, 2000 U.S. Dist. LEXIS 3799, at *16 n.2 (S.D.N.Y. Mar. 27, 2000) (collecting authorities).

7

*2.     Convenience of the Witnesses*

Evaluation of the second factor—which some courts view as "the single most important factor," see Lynch v. Nat'l Prescriptions Adm'rs., No. 03 Civ. 1303, 2004 U.S. Dist. LEXIS 3134, at *7 (S.D.N.Y. Mar. 1, 2004)—requires the parties to identify the witnesses to be called and the testimony those witnesses are likely to offer. See Royalty Ins. Co., 2004 U.S. Dist. LEXIS 20109, at *13. Where, as here, both parties identify witnesses for whom their proposed venue is more convenient, the Court evaluates the materiality of the testimony to be offered by each party's witnesses in resolving this first factor. Indian Harbor, 419 F. Supp. 2d at 403.

Here, PCD contends all of the relevant non-party witnesses to the loss are in California and identifies sixteen specific such witnesses, including the two truck drivers and others involved in loading and handling the truck before the theft. (Supplemental Decl. of John T. Wolak dated June 1, 2009, ¶¶ 6-22.) By contrast, Fireman's contends all of the witnesses with knowledge of the negotiation and issuance of the policy are in New York and accordingly the witnesses with the most material testimony would be inconvenienced by the transfer.

As noted, the primary issues in dispute in this litigation are factual ones relating to the loss, including whether one or two drivers were assigned to transport PCD's merchandise, whether one or two drivers actually accompanied the truck at all times, and whether PCD knew of or had responsibility for the value of the goods being transported. Accordingly, the witnesses with the most significant testimony are all in California and would therefore be significantly inconvenienced by a trial in New York. The second factor, thus, also weighs in favor of PCD and its motion for transfer.

3.  *Location of the Relevant Documents and the Relative Ease of Access to Sources of Proof*

For similar reasons, the third factor also weighs slightly in favor of PCD and transfer. While absent a showing of significant burden, this third factor is generally "entitled to little weight" in this "era of photocopying, fax machines and Federal Express," Bristol-Myers, 2003 U.S. Dist. LEXIS 21967, at *3 (citation omitted); see also Constitution Reinsurance Corp. v. Stonewall Ins. Co., 872 F. Supp. 1247, 1251 (S.D.N.Y. 1995), PCD correctly argues that the majority of the documents and evidence most relevant to the issues in dispute—including police reports, witness accounts, and other evidence pertaining to the theft—are in California. Accordingly, while not a significant factor, it nonetheless weighs slightly in favor of transfer. See e.g., Nature's Farm Products, 2004 U.S. Dist. LEXIS 8485, at *14; see also Matra et Manurhin v. Int'l Armament Co., 628 F. Supp. 1532, 1534 (S.D.N.Y. 1986).

4.  *Convenience of the Parties*

In considering the convenience of the parties, "the logical and relevant starting point is a consideration of the residence of the parties." Nature's Farm Prods., 2004 U.S. Dist. LEXIS 8485, at *12 (quoting Wine Markets Int'l v. Bass, 939 F. Supp. 178, 182 (E.D.N.Y. 1996)). Here, plaintiff's principal place of business is California. And while PCD is a New York company, it has California operations—including those relevant to this dispute—and seeks transfer there for its convenience and the convenience of its witnesses. The Court acknowledges that Fireman's contends that its New York office issued the policy, and thus, under Fireman's theory of the case, New York is most convenient for it and its employees. However, the Court is unwilling to conclude that

transferring this suit to Fireman's home district would be inconvenient. This factor, therefore, is neutral.

    *5.*    *Availability of Process to Compel Attendance of Unwilling Witnesses*

Both parties contend they will rely on the testimony of non-party witnesses whose attendance they may be unable to compel in the other party's selected forum. Cf. TM Claims Svc. v. KLM Royal Dutch Airlines, 143 F. Supp. 2d 402, 406 (S.D.N.Y. 2001) (finding that the availability of process is only a factor as to third-party witnesses). For example, Fireman's points to the insurance brokers involved in negotiating the policy—all of whom are based in New York—while PCD argues that all of the witnesses to the loading and transport of the cargo—including the truck drivers—are based in California and are not PCD employees and thus could not be compelled to appear in a New York courtroom.

The actual likelihood that either party would have significant difficulty compelling the presence of these witnesses—virtually all of whom work for companies the relevant party has an outstanding business relationship with—is not clear on this record. However, since the Court has already found that PCD's non-forum witnesses are likely to offer more materially relevant testimony to the issues in dispute in this litigation, to the extent the Court deems this factor relevant, it tips slightly in favor of PCD and transfer.

    *6.*    *Relative Means of the Parties*

Where both parties are corporations with ample resources, the relative means of the parties is not a significant factor. See Royalty Ins. Co., 2002 U.S. Dist. LEXIS 20109, at *20 ("[R]elative means of the parties is entitled to little weight where both

parties are corporations.") Here, neither party contends that it lacks the means to pursue this case in either forum, and accordingly, the Court finds it to be a neutral factor. Cf. Federman Assocs. v. Paradigm Med. Indus., Inc., No. 96 Civ. 8545, 1997 U.S. Dist. LEXIS 23685, at *4 (S.D.N.Y. Apr. 8, 1997) (factor not considered absent documentary proof as to economic hardship that flow to either party).

### 7. *Forum's Familiarity with the Governing Law*

While a court's familiarity with the governing law is "not generally considered a highly significant" factor, Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 991 (E.D.N.Y. 1991) (citing Vassallo v. Niedermayer, 495 F. Supp. 757, 760 (S.D.N.Y. 1980)), giving it any weight is difficult here because the parties dispute whether New York or California law should govern this action. However, as noted above, the action turns on factual disputes, not significant legal questions, and moreover, the legal questions presented are neither novel nor complex. Accordingly, the Court finds this to be a neutral factor, as both New York and California courts could readily apply either state's law in the context of this dispute. See Schwartz v. Marriott Hotel Svcs., Inc., 186 F. Supp. 2d 245 (E.D.N.Y. 2000) ("Where an action does not involve complex questions . . . courts . . . accord little weight to this factor on a motion to transfer.").

Finally, insofar as the parties' choice-of-law dispute remains unresolved, no party will be prejudiced by a transfer because "[f]ollowing [a section 1404(a)] transfer, the transferee court must follow the choice-of-law rules that prevailed in the transferor court." Fin. One Pub. Co. v. Lehman Bros. Special Fin. Inc., 414 F.3d 325, 333 (2d Cir. 2005) (quoting Ferens v. John Deere Co., 494 U.S. 516, 519 (1990)).

### 8. *Weight Accorded a Plaintiff's Choice of Forum*

As a general rule, "attention must always be paid" to the plaintiff's choice of forum, and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Nature's Farm Prods., 2004 U.S. Dist. LEXIS 8485, at *19 (citations omitted). However, "the emphasis that a court places on a plaintiff's choice of forum diminishes where . . . the facts giving rise to the litigation bear little material connection to the chosen forum." Fontana v. E.A.R., 849 F. Supp. 212, 215 (S.D.N.Y. 1994).

Here, as discussed at length above, New York has "a substantially weaker connection to the operative facts of the litigation than the proposed transferee forum does." Nature's Farm Prods., 2004 U.S. Dist. LEXIS 84845, at *20. Accordingly, Fireman's choice of New York does not weigh heavily against transfer. Cf. Ayala-Branch v. TAD Telecom, Inc., 197 F. Supp. 2d 13, 14 (S.D.N.Y. 2002) (transfer appropriate where "the operative facts have few meaningful connections to the plaintiff's chosen forum").

### 9. *Trial Efficiency and the Interests of Justice*

While both parties generally aver that their desired forum would better foster judicial economy and the interests of justice, PCD is able to point to the existence of a related suit currently pending in the Central District of California by way of establishing the heightened efficiency of proceeding there.[2]  Cf. LTV Steel Co. v. City of Buffalo,

---

[2] In its moving papers, PCD contends two related actions are currently pending in California, the suit referred to above, and another, also involving PCD and Platinum Cargo, which PCD contends "involves the same operative facts that [Fireman's] relies upon for its claim for declaratory relief in" the case pending before this Court. (Decl. of John T. Wolak dated May 1, 2009, ¶ 3.) The complaint in the latter suit was not provided by the parties, and accordingly, the Court is unable to evaluate if and how it bears on the pending motion and thus does not consider it further.

12

2002 U.S. Dist. LEXIS 5318 at *27 (S.D.N.Y. Mar. 29, 2002) ("The existence of related litigation in the transferee court strongly supports a motion to transfer." (citations omitted)).

By way of response, Fireman's contends the suit in California does not weigh in favor of transfer because it raises different factual and legal issues. The argument is without merit: even a cursory review of the complaint reveals that the suit is undeniably "related" insofar as it stems from the same loss and involves many of the same parties involved directly or indirectly in this action. That action involves PCD and Platinum Cargo, the employer of the truck drivers used in this loss and likely to testify in this action, and seeks "a determination concerning the limit of Platinum's liability, if any, for the loss." (Compl. ¶ 3, Navigators Ins. Co. a/s/o Platinum Cargo Logistics, Inc. v. Pers. Commc'ns Devices, LLC, No. 09-cv-455 (C.D. Cal. Apr. 13, 2009), Ex. A to Decl. of John T. Wolak dated May 1, 2009.)

Transferring the case to the Central District of California, thus, will promote judicial economy by allowing one court to oversee two litigations raising intertwined factual and legal issues and will avoid the duplicative work that would ensue if this matter remained in the Southern District of New York. This final factor therefore weighs in favor of transfer.

### III. CONCLUSION

Having evaluated each of the nine relevant factors, and having found that each of them is either neutral or weighs in favor of transfer, the Court concludes that PCD has met its burden and that transfer of this action is warranted. Accordingly, defendant's

motion for transfer of this action to the Central District of California pursuant to 28 U.S.C. § 1404(a) is granted.

Dated: New York, New York
       July 2, 2009

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.